WILLARD and others *v.* COOPER.[1]

SAME *v.* THOMES.

*(Circuit Court, D. Maine.   September 23, 1886.)*

PATENTS FOR INVENTIONS—WILLARD FISH POCKET—PATENT No. 240,630.
      Patent No. 240,630, granted to Henry E. Willard, April 26, 1881, for improvements in fishing apparatus, is void for want of invention.

In Equity.
*William Henry Clifford,* for complainants.
*George E. Bird,* for Eben C. Cooper.

[1]Reported by A. H. Davis, Esq., clerk United States circuit court of Maine.

*Herbert G. Briggs*, for Charles D. Thomes.
Before GRAY, Justice, and COLT, J.

COLT, J. In these suits the respondents are charged with infringing letters patent No. 240,630, granted to Henry E. Willard, April 26, 1881, for improvements in fishing apparatus. The object of the improvement is to provide a pocket or bag into which the fish, which have been caught in a seine, may be transferred, and kept alive until they are dressed for packing. The apparatus consists of a pocket attached to the vessel's rail, and hung upon two booms which project from the side of the vessel. The booms are attached to the hull of the vessel so as to move freely in different directions. There are guys at the outer ends of the booms, which serve to adjust them in a lateral direction, while they are raised and lowered by means of tackle extending from the masts to their outer ends. Outhauls connected with the outer corners of the bag serve to lower and raise the outer edge of the bag. Lace lines are permanently attached to the center of the head-line, and run each way through grommets which are fastened to the head-line. There are supporting lines connected with the center of the bag's head-line, which are of use when the vessel rolls heavily. The seine is brought along-side the pocket by the seine-boat. The outer edge of the seine is then fastened to the edge of the bag, along the whole front of the bag, between the outer ends of the booms. This is done by thrusting the corks of the seine between the lace lines and the head-line, and then pulling the lace lines taut. The claim is for the pocket in combination with the seine, lace lines, grommets, outhauls, booms, head-line, corks, supporters, and guys.

The defendants introduce a prior patent granted to Benjamin Merritt, Jr., in 1858, which shows a net for catching fish attached to the side of a vessel, and stretched out upon two movable booms projecting from the vessel. Numerous witnesses are called, who testify to the use of fish pockets, with and without booms, in connection with a seine, prior to Willard's device. Many of these witnesses are not wholly disinterested, and for this reason this evidence is not entitled to the weight it would otherwise have. But, while receiving this evidence with caution, still, in view of what was manifestly old and well known, we cannot discover more than the exercise of mechanical skill in the construction of the Willard apparatus. We can find no invention in combining a fish pocket with a seine in the manner described, nor in the use of booms, which are attached to the vessel in the same way as the old boat's boom, nor in the use of guys, head-lines, grommets, and other well-known apparatus. In making and working a fish pocket, it seems to us these old and familiar things would immediately suggest themselves to one skilled in the art. In our opinion, Willard made no invention or discovery, in the sense of the patent law, such as entitles him to a monopoly, and therefore the bill must be dismissed.